**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Elizabeth Wright,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-04508-PHX-DLR<br><br>**ORDER** |

Plaintiff applied for disability insurance benefits in September 2015. After state agency denials, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). In July 2018, the ALJ denied Plaintiff's application, which became the Commissioner of the Social Security Administration's ("Commissioner") final decision after the Appeals Council denied review. Plaintiff now seeks review by this Court.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). If the Court finds the ALJ committed harmful error, it may remand "with or without remanding the cause for a rehearing." § 405(g).

Plaintiff challenges the ALJ's decision on two grounds. First, Plaintiff argues the ALJ improperly ignored the opinion of her treating physician, Dr. Brad Sorosky. (Doc. 19

at 14.) Second, Plaintiff contends the ALJ failed to provide specific, clear, or convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. (*Id.* at 23.) The Court addresses each in turn.

**I. Dr. Sorosky's Medical Opinions**

The administrative record includes two pertinent documents from Dr. Sorosky: (1) a complete report reflecting Dr. Sorosky's opinions as to Plaintiff's ability to perform basic work-related activities (A.R. at 424-27) and (2) an incomplete report that includes information about Plaintiff's diagnosis but no opinions about Plaintiff's functional limitations (*Id.* at 714-18). The ALJ neglected to consider the first report and addressed only the second. (*Id.* at 24.) This oversight constitutes harmful error. Indeed, the Commissioner now concedes error on this point and argues that the Court should remand for further proceedings so the ALJ can consider Dr. Sorosky's opinion in the first instance.[1] (Doc. 24.) Plaintiff argues that the Court should credit Dr. Sorosky's ignored opinion as true and remand for an immediate award of benefits.

The credit-as-true rule allows remand for benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three elements are met, however, the Court may still remand for further proceedings when "an evaluation of the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021. Having thoroughly considered the parties' briefs and the record, the Court concludes that a remand for further proceedings is appropriate for three reasons.

First, the ALJ overlooked, entirely, the opinion of a treating physician, Dr. Sorosky.

---

[1] Though the Commissioner rightly concedes error now, it is lamentable that this error was not corrected when Plaintiff first raised it with the Appeals Council in 2019. (Doc. 19 at 11-12.) The ALJ's failure to consider a treating physician's opinion is an obvious error, and had it been rectified by the Appeals Council, Plaintiff could have avoided further delay.

Therefore, further administrative proceedings would serve a useful purpose, because this Court does not weigh evidence in the first instance.  Instead, the ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Further proceedings would allow the ALJ to reevaluate Dr. Sorosky's opinion and resolve any potential conflicts between that opinion and other evidence in the record.

Second, the credit-as-true rule applies when the ALJ fails to give legally sufficient reasons for *rejecting* evidence.  Although Plaintiff argues the ALJ rejected Dr. Sorosky's opinion by ignoring it, this characterization is overbroad.  The ALJ neither accepted not rejected Dr. Sorosky's opinion—she neglected it entirely.  On this record, the Court simply does not know whether the ALJ would have accepted or rejected Dr. Sorosky's opinion, which is why a remand for further proceedings is in order.

Finally, there is reason to doubt whether Plaintiff is, in fact, disabled.  Specifically, there are conflicting medical opinions in the record, some of which assess limitations inconsistent with disability.  The ALJ is responsible for resolving these conflicts, but has yet to consider a treating source opinion when doing so.  Under these circumstances, a remand for further proceedings is warranted.

**II. Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ improperly discounted her symptom testimony.  (Doc. 19 at 23.)  The Commissioner largely ignores this issue in its response.  On its own review, the Court agrees with Plaintiff.

If, as is the case here, a claimant presents objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged, the ALJ may reject the claimant's symptom testimony only if the ALJ provides "specific, clear, and convincing reasons" supported by substantial evidence in the record.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).  The ALJ may not use ambiguous boilerplate language and must be explicit in which testimony is inconsistent with specific parts of the record.  *See Burrell v. Colvin*, 775 F.3d 1133, 1137-38 (9th Cir.

2014).  An ALJ's findings should be "as comprehensive and analytical" as possible and should be supported by "factual foundations."  *Lewin v. Schwieker*, 654 F.2d 631, 635 (9th Cir. 1981) (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3rd Cir. 1974)).

Here, the ALJ rejected Plaintiff's symptom testimony through boilerplate language claiming Plaintiff's symptom "intensity" is "not entirely consistent with the medical evidence."  (A.R. 22.)  The ALJ's stated reasons for discounting Plaintiff's symptom testimony are insufficient, and the error is harmful.  Accordingly, in addition to reviewing Dr. Sorosky's medical opinion, on remand the ALJ shall reexamine Plaintiff's symptom testimony.  Should the ALJ find segments of Plaintiff's symptom testimony not credible, the ALJ shall be specific in identifying those portions of Plaintiff's testimony and the reasons why the ALJ is not crediting them.[2]

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **REMANDED** for further proceedings.  The Clerk shall enter judgment accordingly and terminate the case.

Dated this 26th day of June, 2020.

Douglas L. Rayes
United States District Judge

---

[2] It also is appropriate to allow the ALJ to revisit Plaintiff's symptom testimony on remand because a proper evaluation of Dr. Sorosky's opinion might impact how the ALJ views Plaintiff's symptom testimony.