**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Elizabeth Wright,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-04508-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's motion for attorney's fees as authorized by the Equal Access to Justice Act ("EAJA"), which is fully briefed. (Docs. 30, 31, 34, 37.) Plaintiff's motion is granted in part, as explained below.

Plaintiff filed a complaint requesting judicial review of the agency decision denying her application for Disability Insurance Benefits. (Doc. 1.) The Commissioner answered by denying Plaintiff's assertions. (Doc. 12.) However, in response to Plaintiff's opening brief (Doc. 19), which made arguments identical to those set forth in her complaint, the Commissioner instead conceded that the ALJ committed harmful error by failing to evaluate the opinion evidence from Plaintiff's treating physician and proposed remand to the agency. (Doc. 24.) Plaintiff replied, asserting non-frivolous arguments that an award of benefits, rather than remand, was the appropriate remedy. On June 26, 2020, the Court remanded the matter for further proceedings. (Doc. 28.)

Pursuant to the EAJA, the Court shall award fees and costs to the prevailing party in a Social Security Appeal unless the position of the United States was substantially

justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Here, an EAJA award is proper because Plaintiff is the prevailing party, the Commissioner's position was not substantially justified, and no special circumstances render an award unjust.

Plaintiff bears the burden of proving that the fees sought to be awarded are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Where fees are not shown to be reasonable or "documentation of hours is inadequate, the district court may reduce the award." *Hensley v. Eckerhart*, 461 U.S. at 424, 433 (1983).

At the outset, the Court rejects the Commissioner's arguments that Plaintiff expended unnecessary resources by seeking an award of benefits, rather than remand. Plaintiff raised non-frivolous arguments and was not obligated to stipulate to remand. *See Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999) ("It was Defendant, if anyone, who unnecessarily prolonged these proceedings by failing to correct what it concedes were obvious deficiencies in the administrative decision. . . Filing a reply brief advocating that the Court grant outright summary judgment for Plaintiff, rather than stipulating to remand, did not unduly or unreasonably protract this proceeding."); *Hooker v. Comm'r. of Soc. Sec.*, No. CV 13-02616-PHX-JAT, 2017 WL 4024643, at *4 (D. Ariz. Sept. 13, 2017) (citations omitted) ("It is irrelevant in the case of attorneys' fees whether Plaintiff 'preferred summary judgment over remand,' because a remand constitutes substantial relief."); *Betancourt v. Colvin*, No. CV 15-37-TUC-BPV, 2016 WL 6778365, at *4 (D. Ariz. Nov. 16, 2016) ("Plaintiff prevailed on all merits arguments and was unsuccessful only in achieving one alternative remedy. Plaintiff did not spend an inordinate amount of time or effort arguing for remand for an immediate award of benefits.").

However, counsel for Plaintiff regularly block billed, even combining hours and tasks from multiple days, making it impossible for the Court to determine the reasonableness of the time spent completing some tasks. *Welch v. Metropolitan Life Ins., Co.*, 480 F.3d 942, 948 (9th Cir. 2007). For example, on June 19, 2019, counsel recorded 7.5 hours with the following description:

> Completed review of ALJ decision, memorandum to Appeals Council in support of request for review of ALJ decision, hearings exhibits file, medical research . . . legal research, drafted and edited Complaint, emailed to office. Entry includes prior day, not entered separately.

(Doc. 31-2 at 2.) Five other entries throughout counsel's itemization of services are similar,[1] describing up to eight-hour blocks of time, lacking guidance as to of how much time was spent on each task, and occasionally admitting that entries include work from multiple days. (*Id.* at 2-4.) The Court reduces the amount recoverable from the block-billed entries by 20%, resulting in a 5.5-hour reduction ($1,128.88) from the 2019 billing and a 1.6-hour reduction ($330.83) from the 2020 billing. *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (citing *Welch*, 480 F. 3d at 948); *Apple, Inc. v. Samsung Electronics Co.*, No. C 11–1846 LHK (PSG), 2012 WL 5451411, at *5 (N.D. Cal. Nov. 7, 2012) ("[I]n light of evidence that block-billing inflates hours by between 10% and 30%, the court trims 20% from the block-billed hours in Samsung's request.").

The Court otherwise finds that Plaintiff has met her burden of establishing the reasonableness of fees. Subtracting the $1,459.71 arising from block billing from the $9,507.63 total requested, the Court will award Plaintiff $8,047.92. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010). The Court reminds counsel that, although fee awards may be made under both the EAJA and § 406(b), counsel is required to refund to Plaintiff the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 30) is **GRANTED IN PART** as described herein. Plaintiff is awarded $8,047.92 in attorneys' fees under the EAJA.

Dated this 18th day of November, 2020.

Douglas L. Rayes
United States District Judge

---

[1] The additional relevant entries are those entered on October 29, 2019, October 30, 2019, December 22, 2019, April 5, 2020, and September 20, 2020.